[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE-APPLICATION FOR PRE-JUDGMENT REMEDY)
The plaintiff has filed an application to attach certain property owned by the defendant, located in the town of Willington.
The Court must determine if the plaintiff has proved there is probable cause that judgment will be rendered in her favor in the amount sought to be secured. Connecticut General Statutes §52-278c(a)(2)
An evidentiary hearing was held on the application from which the Court concludes the plaintiff has established probable cause that judgment will enter in her favor and grants the application to attach the defendant's real property as described in the application.
The plaintiff's ex-husband, as part of a dissolution agreement, assigned all of his right, title and interest in his claim against David Rohan to the plaintiff.
In 1989 David Getchell (Getchell) and David Rohan (Rohan) entered into an oral agreement to purchase land and construct a house thereon. The parties agreed to contribute or invest equally in the cost of construction; that Rohan could live in the house for up to five years; that during such occupancy, Rohan would pay any costs associated with the house including mortgage, taxes and insurance; that the house would be sold during that five year period and the profit would be split equally between them.
They did not foresee any likelihood of not making a profit and the possibility of a loss was not discussed.
Getchell contributed $152,399.53 in cash toward the construction. Rohan did not have cash to invest (he expected to sell property in Windsor which would have provided him with a like amount but that was not accomplished). Rohan obtained a mortgage in the amount of approximately $185,000 which was used CT Page 12192 for the construction costs.
Eventually the house was sold in June 1993 for $242,500. The mortgage balance, which was then $183,701.53, was paid off and the net proceeds after adjustments, of $42,186.11, was given to Getchell.
The plaintiff has established this was a joint venture,Electronic Assoc. Inc. v. Auto Equip. Dev. Corp. , 185 Conn. 31,35 (1981). That the property was in Rohan's name only does not change the intent of the parties. Dolan v. Dolan, 107 Conn. 342,349 (1928).
There was joint control in that there was an agreement to sell the property within a five year period and an understanding that the plaintiff held an interest in it.
It is presumed that when profits are to be shared, losses are to be shared in the same proportion, Bower v. Perkins,135 Conn. 675, 683, 684 (1949).
The plaintiff has not shown, however, that she will probably prevail on her claim for interest in the amount of 12%.
The Homestead Exemption issue raised by the defendant (Connecticut General Statutes § 52-352b(+) does not avail him. The language of that statute clearly makes it applicable to an obligation arising on or after October 1, 1993. This property was sold in June, 1993, thus the protection of that statute cannot be available to the defendant.
The plaintiff has established the probability of a favorable judgment for his share of the loss in this venture.
Her application is granted and the property sought to be attached may be attached in the amount of $76,000.
Klaczak, J.